**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Shalom Ifeanyi, | : | |
| | : | Case No. 1:18-cv-193 |
| Plaintiff, | : | |
| | : | Judge Dlott |
| v. | : | |
| | : | Magistrate Judge Litkovitz |
| Molly Alvey, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS UNIVERSITY OF CINCINNATI, MOLLY ALVEY, AND MAGGIE MCKINLEY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Now come Defendants University of Cincinnati, Molly Alvey, and Maggie McKinley (collectively "UC Defendants") and, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), hereby move this Honorable Court to dismiss Plaintiff's Complaint with prejudice. A memorandum in support of this motion is attached hereto and incorporated herein by reference.

Respectfully submitted,

**MICHAEL DEWINE (009181)**
**Ohio Attorney General**

*/s/ Reid T. Caryer*
_____
Reid T. Caryer (0079825)
Kristine L. Hayes (0069778)
Assistant Attorneys General
Ohio Attorney General's Office
30 East Broad Street, 16th Floor
Columbus, OH  43215
Telephone:  (614) 644-7250
Facsimile:  (614) 644-7634
reid.caryer@ohioattorneygeneral.gov
kristine.hayes@ohioattorneygeneral.gov

*Counsel for Defendants*

## **MEMORANDUM IN SUPPORT**

### I. Introduction

Plaintiff Shalom Ifeanyi[1] challenges her dismissal from the University of Cincinnati women's volleyball team. In so doing, she alleges the University, its women's volleyball coach, and an associate athletic director violated federal and state employment laws. But Plaintiff ignores the fact that she is not an employee and thus her employment claims fail as a matter of law. Not to mention that this Court lacks subject matter jurisdiction over most of Plaintiff's claims. Consequently, Plaintiff's claims must be dismissed in their entirety.

### II. Plaintiff's Claims

Plaintiff's allegations against Defendants the University of Cincinnati ("UC"), women's volleyball coach Molly Alvey ("Alvey") and senior associate athletic director Maggie McKinley ("McKinley") are as follows[2].

Plaintiff enrolled as a student-athlete at UC in or around January 2017. (Doc. 1, Complaint ("Complaint"), ¶ 18). She received a full athletic scholarship to play women's volleyball at UC and continues to receive that scholarship through the current 2017-2018 academic year. *Id*., ¶ 47

Soon after enrolling at UC, in or around February 2017, Plaintiff underwent knee surgery. *Id*., ¶ 25. From the date of her knee surgery through at least June 2017, Plaintiff trained and rehabilitated in order to resume playing volleyball during the 2017-2018 season. *Id*. By Plaintiff's account she excelled at her training and rehabilitation, but was dismissed from UC's

---

[1] UC Defendants have reason to believe this is not Plaintiff's proper name which, in and of itself, could warrant dismissal of her lawsuit. See *Robinson v. Ionia Corr. Facility Med. Staff*, No. 1:15-cv-1114, 2017 U.S. Dist. LEXIS 142511, at *4-5 (W.D. Mich. Aug. 1, 2017).
[2] For purposes of this motion only, UC Defendants acknowledge that the Court treats the allegations as true. See *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994).

women's volleyball team on June 29, 2017 for having a "different philosoph[y]" than her coach. *Id*., ¶¶ 26, 39, 47.

According to Plaintiff, UC's women's volleyball coach, Molly Alvey, dismissed Plaintiff from the team because Plaintiff continually posted "sexy" pictures of herself on her Instagram social media profile. That is, Plaintiff's pictures did not fit UC's "biased" image of a volleyball player. *Id*., ¶¶ 1, 21, 22, 30, 32, 35, Exhibits 1 and 2. However, elsewhere in Plaintiff's Complaint, she alleges that Alvey heavily recruited Plaintiff from the time she was 14, was fully aware of her "strong build and her dark, African American complexion", and even made a public statement that Plaintiff "will fit immediately into our [volleyball] program's culture." *Id*., ¶¶ 13, 14, 19. And, despite Plaintiff's claim that, immediately upon arriving at UC, coach Alvey took issue with Plaintiff posting pictures of herself on Instagram, it wasn't until after her dismissal from the team that Plaintiff complained to UC's Title IX Office. *Id*., ¶¶ 20, 45.

Then, several months later, Plaintiff filed this lawsuit seeking monetary damages from the UC Defendants. She claims UC, Alvey and McKinley dismissed her from the volleyball team in violation of federal and state employment laws, denied her due process in violation of the Fourteenth Amendment, and asserts a state law claim for intentional infliction of emotional distress. As detailed below, this Court lacks subject matter jurisdiction over most of Plaintiff's claims, and the claims over which this Court has jurisdiction fail to state a claim upon which relief can be granted.

### III. Standard of Review

#### A. The Rule 12(b)(6) standard.

A complaint that fails to state a claim upon which relief can be granted is subject to dismissal under Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must

include sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In deciding whether the complaint is plausible, the Court must interpret it in a light most favorable to the non-moving party, accept factual allegations as true, and give the plaintiff the benefit of reasonable inferences. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). However, the Court is not required to accept as true legal conclusions bereft of supporting factual allegations. *Iqbal*, 556 U.S. at 678.

A properly stated claim must also satisfy the pleading requirements in Fed. R. Civ. P. 8(a). This pleading standard "does not require detailed factual allegations . . . [but a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action is insufficient." *Iqbal*, 556 U.S. at 678 (internal quotations and citations omitted). Also insufficient is a complaint which "tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**B.     The Rule 12(b)(1) standard.**

"When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, 'the plaintiff has the burden of proving jurisdiction in order to survive the motion.'" *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (quoting *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990)). When a defendant asserts that the plaintiff has not alleged sufficient facts in her complaint to demonstrate subject matter jurisdiction, the Court must take the allegations in the complaint as true. *Id*.

4

### IV. Law and Argument

Again, as detailed below, this Court lacks subject matter jurisdiction over most of Plaintiff's claims, and the claims over which this Court has jurisdiction fail to state a claim upon which relief can be granted.

**A. Plaintiff's federal claims must be dismissed.**

**i. Plaintiff fails to state a Title VII claim against any of the UC Defendants.**

Plaintiff alleges the UC Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. More specifically, they allegedly discriminated against her on the basis of her race/color and sex, sexually harassed her, and retaliated and conspired against her. (Complaint, ¶¶ 50-77).

Any discrimination or retaliation claim under 42 U.S.C. § 2000e must be premised on an employment relationship. *See* 42 U.S.C. §2000e-2(a)(1) and (a)(2) ("It shall be an unlawful employment practice for an employer…to discriminate...."); 42 U.S.C. §2000e-3(a) (containing the same language with regard to retaliation).

Here, Plaintiff does not allege that she is a UC employee. She is a student at UC. (Complaint, ¶18 stating Plaintiff "enrolled as a student-athlete in or around January 2017."). Thus, any claim against UC or Defendants Alvey and McKinley in their official capacity must be dismissed for failure to state a claim.

Plaintiff's claims against Defendants Alvey and McKinley in their individual capacities must also be dismissed. For one, Plaintiff does not allege, let alone suggest, that either Defendant Alvey or Defendant McKinley is a statutory employer. *See* 42 U.S.C. § 2000e(b) (defining employer). For another, a Title VII action, including a retaliation claim, cannot be maintained against an individual employee. *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th

5

Cir. 1997) ("[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."); *Sheridan v. E.I. DuPont De Nemours & Co.,* 100 F.3d 1061, 1078 (3d Cir. 1996) ("Congress did not intend to hold individual employees liable under Title VII.")

Even if Plaintiff were a UC employee, which she is not, her Title VII claims must be dismissed because she has not exhausted her administrative remedies. As a prerequisite to bringing suit under Title VII, a claimant must exhaust her administrative remedies. *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 379 (6th Cir. 2002). An individual satisfies her duty to exhaust administrative remedies by timely filing a charge with the EEOC and receiving notice of a right to sue. *Pucket v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989). Here, Plaintiff's failure to timely file a charge with the EEOC bars judicial relief. *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991); see also 42 U.S.C. § 2000e-5(f)(1); *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029 (6th Cir. 1998) (right to sue letter is a condition precedent to filing a cause of action); *Sain v. American Red Cross*, 233 F. Supp. 2d 923, 927 (S.D. Ohio 2002); *Saha v. Ohio State Univ.*, 2005 U.S. Dist. LEXIS 44661, *8-9 (S.D. Ohio Oct. 26, 2005) (dismissing Title VII claims for failure to attach copy of EEOC charge or affidavit stating that plaintiff had filed such a charge).

### ii. Plaintiff's 42 U.S.C. § 1981 claims against the UC Defendants are barred by the Eleventh Amendment.

Plaintiff also alleges that the UC Defendants are liable for race/color and sex discrimination, and sexual harassment, in violation of 42 U.S.C. § 1981. That section provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be

6

> subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). It is understood to "prohibit[] racial discrimination in the making and enforcement of contracts." *McCormick v. Miami Univ.*, 693 F.3d 654, 659 (6th Cir. 2012).

The Eleventh Amendment to the U.S. Constitution bars Plaintiff's § 1981 claims against UC for money damages. *Id.* at 661. Indeed, Plaintiff seeks only money damages. (Complaint, PAGEID # 12). The Eleventh Amendment also bars Plaintiff's § 1981 claims for money damages against Defendants Alvey and McKinley in their official capacities. *McCormick*, 693 F.3d at 662; *see also Agrawal v. Montemagno*, 574 Fed. Appx. 570, 578 (6th Cir. 2014).

In addition, the individual capacity claims against Defendants Alvey and McKinley for money damages fail. The Sixth Circuit has held that because 42 U.S.C. § 1983 creates an express cause of action for money damages against a state actor, the same right need not be implied to exist pursuant to § 1981. *McCormick*, 693 F.3d at 661. To be sure, "[Section] 1983 is the exclusive mechanism to vindicate violations of § 1981 by an individual state actor acting in his individual capacity." *Id.*

Accordingly, Plaintiff's § 1981 claims must be dismissed in their entirety.

### iii. Plaintiff's 42 U.S.C. § 1983 claims against the UC Defendants in their official capacities are similarly barred by the Eleventh Amendment.

Plaintiff alleges that the UC Defendants violated her procedural due process rights by not affording her "an unbiased, careful, and deliberate review process either prior to her dismissal from the UC women's volleyball team or following notice of the deprivation of her scholarship." (Complaint, ¶86).

42 U.S.C. § 1983 creates private causes of action for violations of constitutional rights committed by a "person" acting under color of state law. 42 U.S.C. § 1983. Yet, "neither a State

nor its officials acting in their official capacities are 'persons' under §1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, (1989).

Public universities in Ohio, such as UC, and their employees acting in their official capacities are considered to be arms of the state and not persons who can be held liable under § 1983. *See* Ohio Rev. Code Chapters 3345 and 3361; *Thomson v. Harmony*, 65 F.3d 1314 (6th Cir. 1995); *McKenna v. Bowling Green State Univ.,* 568 Fed. Appx. 450, 456 (6th Cir. 2014); *Underfer v. Univ. of Toledo,* 36 Fed. Appx. 831, 834 (6th Cir. 2002); *Dillon v. University Hospital,* 715 F.Supp.1384, 1386 (S.D. Ohio 1989) (recognizing that UC has been found to be an instrumentality of the State of Ohio).

Although Eleventh Amendment immunity does not apply where the State has waived the immunity or Congress has abrogated the immunity, Congress did not abrogate immunity when it enacted §1983. *Harrison v. Mich*., 722 F.3d 768, 771 (6th Cir. 2013), *cert denied*, 134 S.Ct.1023 (2014).

There is no exception to Eleventh Amendment immunity that is applicable here. In *Ex parte Young*, the United States Supreme Court held that the Eleventh Amendment did not bar a suit alleged against a state official, in his official capacity, for prospective injunctive relief, thereby carving out a narrow exception to sovereign immunity. *Ex parte Young*, 209 U.S. 123, 150-156 (1908).  Here, Plaintiff does not seek injunctive relief, only monetary damages. (Complaint, PAGEID #12).  As such, Plaintiff's § 1983 claims against UC and against Defendants Alvey and McKinley in their official capacities must be dismissed.

> iv. **Plaintiff fails to state a 42 U.S.C. § 1983 claim against Defendants Alvey and McKinley in their individual capacities and, in any event, Defendants Alvey and McKinley are entitled to qualified immunity.**

Plaintiff's claims against Defendants Alvey and McKinley in their individual capacities

8

for money damages must also be dismissed. Those claims must be dismissed as well because Plaintiff fails to state a plausible claim against Defendants Alvey and McKinley and because those Defendants – in their individual capacities – are entitled to qualified immunity.

To state a cause of action under § 1983 Plaintiff must allege that: 1) she was deprived of a federal right, and 2) the person who deprived her of that right was acting under "color of law." See *Gomez v. Toledo*, 446 U.S. 635, syllabus (1980). More specifically, to state a claim under § 1983 for violation of her procedural due process rights, Plaintiff must demonstrate: 1.) A deprivation of liberty or property, and 2.) Lack of notice and a hearing. *Harris v. City of Akron,* 20 F.3d 1396, 1401 (6th Cir. 1994).

Here, Plaintiff alleges she has a right to due process concerning her position on the women's volleyball team and her athletic scholarship. (Complaint, ¶ 85). Neither amounts to a constitutionally protected liberty or property interest.

### a. Plaintiff has not been deprived of a constitutionally protected liberty or property interest.

Even though Plaintiff alleges a protected interest in her athletic scholarship, her scholarship was not affected by her dismissal from the volleyball team. In fact, she acknowledges her continued receipt of her athletic scholarship through the 2017-2018 academic year. (Complaint, ¶47). In any event, s*ee Fluitt v. Univ. of Nebraska*, 489 F. Supp. 1194, 1202-03 (D. Neb. 1980), finding no property interest in a college athletics scholarship.

Even if her athletic scholarship somehow implicates a protected property interest, any due process violation has yet to occur. In other words, her claim is not ripe. A claim is not ripe if it involves "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. Union Carbide Agric. Prods. Co.,* 473 U.S. 568, 580-81 (1985) (citation omitted). Moreover, for a procedural due process claim "[t]he constitutional violation actionable

under *§ 1983* is not complete when the deprivation [of a life, liberty, or property interest] occurs; it is not complete unless and until the State fails to provide due process." *Zinermon v. Burch,* 494 U.S. 113, 126 (1990); *Peloe v. Univ. of Cincinnati*, No. 1:14-cv-404, 2015 U.S. Dist. LEXIS 19776, at *18 (S.D. Ohio Feb. 19, 2015). If additional remedies are available, that indicates that Plaintiff's procedural due process claim is still premature. *Minix v. Frazier*, 4 Fed. Appx. 230, 231 (6th Cir. 2001). Plaintiff alludes to one such process already underway with UC's Title IX Office. (Complaint, ¶¶45-46). As such, any procedural due process claim is not ripe.

And, with regard to Plaintiff's alleged property interest playing volleyball, the Sixth Circuit does not recognize a constitutionally protected property interest in continued participation in intercollegiate athletics. *See Awrey v. Gilbertson*, 833 F.Supp.2d 738, 741 (E.D.Mich.2011) (collecting cases). Plaintiff has not been deprived of a constitutionally protected liberty interest either. *Id*. at 742-43. Thus, no process is due.

### b. Defendants Alvey and McKinley are entitled to qualified immunity.

In addition to the above, Defendants Alvey and McKinley are entitled to qualified immunity on the grounds that no constitutional violation occurred and no "clearly established right" was violated, even if Plaintiff's allegations are taken as true.

Qualified immunity involves a two-step inquiry, and the court can address the questions in any order it chooses. Under the two-part test, Defendants have already addressed, above, the first inquiry -- whether the facts that Plaintiff has alleged make out a violation of a constitutional right. They do not. The second step involves whether the right at issue was "clearly established" at the time of Defendants' alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Plaintiff cannot show that the procedural due process rights at issue here were clearly established. For a law to be clearly established, "either 'controlling authority' or 'a robust

consensus of cases of persuasive authority' must show that the complained of actions constitute a violation of law." *Hidden Village, LLC v. City of Lakewood, Ohio*, 734 F.3d 519, 529 (6th Cir. 2013) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741-42 (2011)). Whether law is clearly established is normally determined with reference to the published decisions of the Supreme Court, the Sixth Circuit, or perhaps, the district court in the district where the conduct occurred. *Ohio Civil Service Employees Ass'n v. Seiter*, 858 F.2d 1171 (6th Cir. 1988); see also *Gragg v. Kentucky Cabinet for Workforce Dev.*, 289 F.3d 958, 964 (6th Cir. 2002). "Although decisions of other courts can clearly establish the law, such decisions must both point unmistakably to the unconstitutionality of the conduct and be so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct was unconstitutional." *Mumford v. Zieba*, 4 F.3d 429, 432-33 (6th Cir. 1993).

The fundamental inquiry is whether public officials are "on notice their conduct is unlawful." *Hope v. Pelzer,* 536 U.S. 730, 739 (2002) (quoting *Saucier v. Katz*, 533 U.S. 194, 206 (2001)). "[I]n light of pre-existing law, the unlawfulness must be apparent." *Id*. Pre-existing law must "dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997).

Here, even assuming Plaintiff has alleged a violation of her procedural due process rights, those rights are not clearly established in this context. Although some courts *assume* student-athletes of public universities have a property interest in an athletic scholarship and may be entitled to due process under the United States Constitution, *Heike v. Guevara*, 519 Fed Appx. 911 (6th Cir. 2013), there exists some debate on that topic. *Cf. Awrey v. Gilbertson*, 833

11

F.Supp.2d 738, 741 (E.D.Mich.2011) (collecting cases finding no liberty or property interest in continued participation in intercollegiate athletics and thus no entitlement to due process); *Fluitt v. Univ. of Nebraska*, 489 F. Supp. 1194, 1202-03 (D. Neb. 1980) (finding no property interest in a college athletics scholarship).

As such, there exists no "clearly established" constitutional right upon which Plaintiff may base a 42 U.S.C. § 1983 claim, and Defendants Alvey and McKinley are entitled to qualified immunity. See *Wilson v. Layne*, 526 U.S. 603, 618 (1999) ("If judges thus disagree on the constitutional question, it is unfair to subject [public officials] to money damages for picking the losing side of the controversy.")

### B. Plaintiff's state law claims must be dismissed because this Court lacks subject matter jurisdiction.

Plaintiff alleges the UC Defendants violated state employment law, R.C. 4112.02 in particular, when they allegedly discriminated against her on the basis of her race/color and sex, sexually harassed her, and are otherwise liable for intentional infliction of emotional distress. (Complaint, ¶¶ 50-65, 78-82). These state law claims are barred by sovereign immunity and lack of subject matter jurisdiction.

With regard to the state law claims against UC, this Court lacks subject matter jurisdiction. Section 16, Article I of the Ohio Constitution provides that "suits may be brought against the state, in such courts and in such manner as may be provided by law." In 1975, consistent with this provision, the Ohio General Assembly codified the State's waiver of sovereign immunity, but only consented to "have its liability determined in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties …." R.C. 2743.02(A)(1). The Ohio Revised Code then states, specifically, "The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions

12

against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code…." *Id*. Therefore, only the Ohio Court of Claims would have jurisdiction over the state law claims against UC.

With regard to the official capacity state law claims against Defendants Alvey and McKinley, again, this Court lacks subject matter jurisdiction. The Sixth Circuit recognizes that "[i]ndividuals sued in their official capacities stand in the shoes of the entity they represent." *Heike v. Central Michigan Univ. Bd. of Trustees,* 573 Fed. App'x 476 (6th Cir. 2014) (quoting *Alkire v. Irving,* 330 F.3d 802, 810 (6th Cir. 2003) and *Moore's Federal Practice* § 131.40[3][e][ii] (3d ed. 2014)("A government official sued in his or her official capacity is considered to be in privity with the government.")). Therefore, "[a] suit against an individual in her or his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994). Here, the governmental entity is UC, which is a state university under R.C. 3345.011. Therefore, the official capacity state law claims against Defendants Alvey and McKinley are treated as a claim against UC, an instrumentality of the State of Ohio, and only the Ohio Court of Claims has jurisdiction over it. See *McCormick v. Miami Univ.*, 693 F.3d 654, 664-665 (6th Cir. 2012); also *Raygor v. Regents of the Univ. of Minnesota*, 534 U.S. 533 (2002) (federal supplemental jurisdiction statute does not authorize federal district courts to exercise jurisdiction over state law claims against nonconsenting States); *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999) (Ohio's limited consent to be sued in the Ohio Court of Claims does not constitute a waiver of immunity in federal court).

To the extent Plaintiff attempts to bring individual capacity state law claims against Defendants Alvey and McKinley, yet again, this Court lacks subject matter jurisdiction. The

Court's lack of subject-matter jurisdiction over state law based individual capacity claims derives from two Ohio statutes: (1) R.C. 9.86; and, (2) R.C. 2743.02(F).

R.C. 9.86 confers on employees of the State of Ohio immunity from liability in civil actions arising under Ohio law. The second statute, R.C. 2743.02(F), confers exclusive jurisdiction upon the Ohio Court of Claims to make the threshold determination of whether an employee-defendant retains or forfeits that immunity in a particular case. Thus, only the Ohio Court of Claims has subject-matter jurisdiction to decide the threshold issue of whether state employees can be stripped of their § 9.86 immunity from suit in their individual capacity. *See Turker v. Ohio Dept. of Rehab. & Corr.*, 157 F.3d 453, 458 (6th Cir. 1998).

Accordingly, Plaintiff may not sue Defendants Alvey or McKinley for a violation of state law unless and until the Ohio Court of Claims has first determined that the employee is not, due to the malicious, reckless, or purposeful nature of his or her actions, entitled to the immunity § 9.86 provides. *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989); *McKeny v. Middleton*, No. 2:14-cv-2659, 2016 U.S. Dist. LEXIS 126499, at *3 (S.D. Ohio Sep. 16, 2016).

Altogether, Plaintiff's state law claims must be dismissed because this Court lacks subject matter jurisdiction.

### V. Conclusion

For all the reasons set forth above, Plaintiff's claims must be dismissed in their entirety.

Respectfully submitted,

**MICHAEL DEWINE (009181)**
**Ohio Attorney General**

*/s/ Reid T. Caryer*

---

Reid T. Caryer (0079825)
Kristine L. Hayes (0069778)
Assistant Attorneys General
Ohio Attorney General's Office
30 East Broad Street, 16th Floor
Columbus, OH  43215
Telephone:  (614) 644-7250
Facsimile:  (614) 644-7634
reid.caryer@ohioattorneygeneral.gov
kristine.hayes@ohioattorneygeneral.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2018, I filed the foregoing with the Clerk of Court, which will send notification of such service and subsequent filing to all counsel via the Court's Electronic Filing System.

*/s/ Reid T. Caryer*

---

Reid T. Caryer (0079825)