UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SHALOM IFEANYI | ) | Case No. 1:18-cv-193 |
| | ) | |
| **Plaintiff,** | ) | Judge Susan J. Dlott |
| | ) | |
| -v- | ) | Magistrate Judge Karen L. Litkovitz |
| | ) | |
| MOLLY ALVEY, et al | ) | |
| | ) | |
| **Defendants.** | | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

### I. BACKGROUND

Plaintiff filed her *Complaint* in this matter on March 20, 2018 alleging causes of action against the University of Cincinnati ("UC"), its head volleyball coach Molly Alvey ("Alvey"), and its associate athletic director, Maggie McKinley ("McKinley") for, *inter alia*, discrimination and retaliation. (Doc. 1). On May 17, 2018, Defendants moved to dismiss Plaintiff's *Complaint* pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 10.). Plaintiff opposed the motion to dismiss but sought leave to amend her *Complaint* in the alternative pursuant to Rule 15 of the Federal Rules of Civil Procedure. (Doc. 12, 12-1, and 12-2). In seeking leave to amend her *Complaint*, Plaintiff dismissed her causes of action against the University of Cincinnati and against Alvey and McKinley in their official capacities. (Doc. 12 at Page ID 47). She also sought to add an additional cause of action against Alvey and McKinley, in their individual capacities, for retaliation in violation of the First Amendment after UC's Title IX Office concluded that they retaliated against Plaintiff for objecting to Alvey's constant body

shaming and violated written university policies by not reporting Plaintiff's complaint about mistreatment immediately to the Title IX office. (Doc. 12-1 at PageID 68). In their opposition to Plaintiff's motion to amend, Defendants essentially reargue their motion to dismiss. Unfortunately, their logic remains flawed and ignores binding precedent in this Circuit. Plaintiff's motion to amend should therefore be granted.[1]

## II. DISCUSSION

### a. Fed.R.Civ.P. 15

Pursuant to Fed.R.Civ. P. 15(a), a party may amend its pleading with the court's leave. Leave should freely be given when justice so requires. Fed.R.Civ.P. 15(a)(2). In determining whether to grant a motion to amend under Rule 15(a), a court looks to a number of factors, including undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Wade* v. *Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001); *see also Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998); *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). Here, none of the factors support Defendants' opposition. This case is in its infancy, there has been no delay or prejudice to Defendants, and Defendants' lone argument – that the amendment would be futile – simply is not supported by binding precedent. It further cannot be forgotten that at this stage of the proceedings, the court must construe the amended complaint in the light most favorable to the plaintiff, accept her factual allegations as true, and draw all reasonable inferences in her favor. *Hogan v. Jacobson*, 823 F.3d 872 (6th Cir. 2016).

---

[1] For the Court's convenience, Plaintiff incorporates her *Memorandum in Opposition to Defendants' Motion to Dismiss* (Doc. 12) as if fully rewritten herein rather than reciting it fully. Plaintiff will, however, briefly address each argument raised by Defendants.

### b. Plaintiff's Title VII Causes of Action are Valid

Defendant argues – as it did in its motion to dismiss – that Plaintiff's Title VII claims are not viable because she was not an employee of UC. (*Compare* Doc. 10 at PageID 35-36 and Doc. 14 at PageID 85). Unfortunately for Defendants, the United States Court of Appeals for the Sixth Circuit has directly examined this argument and completely rejected it. In *Heike v. Guevara*, 519 Fed.Appx. 911, 918 (6th Cir. 2013), the Court explicitly held that equal-protection scrutiny applied to collegiate scholarship renewal decisions because college coaches were not permitted to impose their own racial prejudices on college athletes. *Id*. at 918. Thus, Defendants' would not be entitled to dismissal and amendment would not be futile.

### c. Plaintiff has not even remotely abandoned her 42 U.S.C. § 1981 Causes of Action

In both her *Complaint* (Doc. 1) and proposed *Amended Complaint* (Doc. 12-2), Plaintiff alleges, *inter alia*, disparate treatment on the basis of race/color and sex as well as unwanted sexual harassment in violation of 42 U.S.C. § 2000(e) et seq., **42 U.S.C. § 1981**, and O.R.C. § 4112.02. (Doc. 1 at ¶¶ 50-65; Doc. 12-2 at ¶¶ 52-67) (emphasis added). As stated in her opposition to Defendants' motion to dismiss, Plaintiff has more than satisfied the notice pleading requirement for these causes of action and construing the allegations in the light most favorable to her, amendment of the *Complaint* would not be futile.

### d. Plaintiff has a property interest in her scholarship

In their opposition to Plaintiff's motion to amend, Defendants again suggest that Plaintiff has no property interest in her scholarship. The Sixth Circuit's decision in *Heike* – which explicitly concluded that athletes at public universities have a property interest in their scholarships and are entitled to due process under the law – directly contradicts Defendants'

argument. *Heike*, 519 Fed. Appx. at 918 (6th Cir. 2013). *See also Reyes v. Bauer*, 2013 WL 3778938, No. 11-15267 (E.D. Mich. July 18, 2013) (finding that medical student had property interest in her continued enrollment at the school); *Doe v. Univ. of Cincinnati,* 872 F.3d 393, 399 (6th Cir. 2017) (quoting *Doe v. Cummins*, 662 Fed.Appx. at 445) (finding that disciplinary decisions in higher education clearly implicate a protected property interest). Amendment of Plaintiff's *Complaint* would therefore not be futile.

### e. Plaintiff's sets forth a valid cause of action for First Amendment Retaliation

To survive dismissal, a plaintiff pleading a First Amendment retaliation claim must allege that (1) she engaged in constitutionally protected conduct; (2) an adverse action was taken against the her that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by her protected conduct. *Kesterson v. Kent State University*, *Memorandum Opinion*, 2017 WL 995222, 5:16-cv-298 (N.D. Ohio March 15, 2017) (citations omitted). A simple review of Plaintiff's *Amended Complaint* clearly shows that she has sufficiently pled these elements. Specifically, she alleges the following in her *Amended Complaint*:

- She engaged in protected activity by objecting to Alvey's body shaming and discrimination. (Doc. 12-2 at ¶ 69).
- Alvey and McKinley were aware of Plaintiff's exercise of her protected rights and objection to the body shaming and discrimination. (*Id*. at ¶ 70).
- Plaintiff was dismissed from the team for her exercise of her protected rights. (*Id*. at ¶ 71).
- Plaintiff's dismissal was motived by her objection to the body shaming and discrimination. (*Id*. at ¶ 72).

Ignoring these allegations, Defendants also suggest that Plaintiff cannot meet the first element because her text message to Alvey objecting to the body shaming and discrimination is not a matter of public concern. (Doc. 14 at PageID 88). Unfortunately for Defendants, the Sixth Circuit has held that the "public concern" test does not apply outside the context of public

4

employment. *Kesterson,* supra at p .8 (citing *Jenkins v. Rock Hill Local Sch. Dist.*, 513 F.3d 580 (6th Cir. 2008)).

In *Kesterson,* a softball player at Kent State University told her coach that she was sexually assaulted by the coach's son. *Id*. at 1-2. Rather than report the assault to the school, according to the student-athlete, the coach began "a campaign of intimidation and control to suppress [her] victimization and punish her for exercising her constitutional right to complain about discrimination." *Id*. at p. 3. As a result of the student-athlete's reporting of the sexual assault, the coach ignored her, benched her, and changed her position. *Id*. Eventually, the mistreatment reached a level where the student-athlete quit the softball team. *Id*.

In concluding that the student set forth a valid cause of action for retaliation, the court held that the "public concern" test did not apply outside of the context of public employment within the Sixth Circuit. *Id*. at p. 8. It further held that while a coach has broad discretion to determine things like playing time and positions, such discretion **did not** extend to retaliating against a student-athlete for exercising her First Amendment rights. *Id*. at p. 9. As a result, the court concluded that the student-athlete's retaliation claim was viable since temporal proximity alone between the exercise of protected activity and the adverse action was enough to set forth a retaliation claim. *Id*.

The facts of this case are virtually identical to those in *Kesterson*. Plaintiff objected to Alvey's body shaming and discrimination via text message. Alvey admitted that she received the text message.[2] Following receipt of the text message, Plaintiff was dismissed from the volleyball team. Defendants themselves admit that dismissal from the team constitutes an adverse action.

---

[2] In their opposition to Plaintiff's motion to amend, Defendants oddly suggest that Plaintiff did not allege that Alvey or McKinley knew about the text message prior to her dismissal from the team. Defendants have apparently ignored the actual allegations in the *Complaint* and *Amended Complaint* which clearly state that Alvey admitted to receiving the text message prior to Plaintiff's dismissal. (Doc. 1 at ¶¶ 37, 41; Doc. 12-2 at ¶¶ 37-38, 42, 44).

(Doc. 14 at PageID 89). Therefore, construing the allegations in the light most favorable to Plaintiff, she has clearly set forth a valid cause of action for retaliation and amendment of her Complaint would not be futile.

### f. This Court has supplemental jurisdiction over Plaintiff's state law causes of action.

Pursuant to 28 U.S.C. § 1367(a), this Court can also clearly exercise supplemental jurisdiction over Plaintiff's state law causes of action against Alvey and McKinley in their individual capacities.

### III. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grant her leave to file her Amended Complaint.

Respectfully submitted,

/s/ Ryan J. McGraw

Konrad Kircher (0059249)
Ryan J. McGraw (0089436)
RITTGERS & RITTGERS
12 E. Warren St.
Lebanon, Ohio 45036
(513) 932-2115
(513) 934-2201 Facsimile
konrad@rittgers.com
ryan@rittgers.com
*Attorneys for Plaintiff*

Robert D. Martinez, Esq.
Robert D. Martinez, PLLC
4201 Wingren Drive, Suite 108
Irving TX 75062
Tel: (214) 534-7808
Fax: (214) 614-4629
Rmartinez@rdm-law.us
*Co-Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing was electronically filed using the Court's CM/ECF system and that a copy was served electronically via that system this 3rd day of July, 2018:

*/s/ Ryan J. McGraw*
Ryan J. McGraw (0089436)